# FEDERAL PUBLIC DEFENDER
# NORTHERN DISTRICT OF OHIO

**Skylight Office Tower • Suite 750 • 1660 West Second Street • Cleveland, Ohio 44113-1454**
Phone: 216-522-4856 • Fax: 216-522-4321 • Website: www.fpd-ohn.org

*Stephen C. Newman*
*Federal Public Defender*

*Jacqueline A. Johnson*
*First Assistant Federal Defender*

**Branch Offices**

*Akron Centre Plaza*
*50 South Main Street, Suite 700*
*Akron, Ohio 44308-1830*
*Phone: 330-375-5739*
*Fax: 330-375-5738*

*617 Adams Street*
*Toledo, Ohio 43604-1419*
*Phone: 419-259-7370*
*Fax: 419-259-7375*

*Nathaniel R. Jones Federal Building and*
*U.S. Courthouse*
*10 East Commerce Street, Suite 230*
*Youngstown, Ohio 44503-1780*
*Phone: 330-746-6399*
*Fax: 330-746-6391*

July 24, 2025

Yasmine T. Makridis
Office of the U.S. Attorney - Youngstown
Northern District of Ohio
325 City Centre One
100 East Federal Plaza
Youngstown, OH 44503

      Re:    <u>United States v. Josef L. Ratcliff</u>
               Case No. 5:25-cr-367

Dear Ms. Makridis:

      To ensure protection of Josef Ratcliff's rights to due process of law and effective assistance of counsel in accordance with the United States Constitution, I am seeking to provide my client with a basis upon which to make informed and intelligent decisions regarding the possible or probable consequences of pleading guilty or requesting a trial in the above-captioned case. See: *United States v. Cronic*, 466 U.S. 648 (1984); *Santobello v. New York*, 404 U.S. 257 (1971); *McMahon v. Richardson*, 397 U.S. 759 (1970); *Avery v. Alabama*, 308 U.S. 444 (1940); *Scott v. Wainwright*, 698 F.2d 427 (11th Cir. 1983); *Mason v. Balcom*, 531 F.2d 717 (5th Cir. 1976). For these reasons, and pursuant to Title 18 U.S.C. § 3551, et seq., Title 28 U.S.C. § 991, et seq., and United States Sentencing Commission Guidelines, I request that you promptly advise me of any facts and circumstances presently known to the government or reasonably discoverable, which would be germane to sentencing-related issues under the guidelines, or to calculation of the applicable sentencing guideline range, should the defendant be convicted of any one or more of the charges set forth in the instant indictment.

      More specifically, I am requesting that as soon as possible you provide me with the following information with its documentary support:

      1.    What guideline does the government contend is applicable in this case?

EXHIBIT B

2. What aggravated offense characteristic, if any, does the government contend are applicable to this case?

3. What adjustments, if any, does the government contend are applicable to this case?

4. Upon what grounds, if any, will the government be seeking a departure from the guidelines in this case?

5. With regard to the defendant's prior criminal record, what is the date, location, and court docket number of each conviction upon which the government will rely to aggravate the defendant's sentence; and what criminal history category does the government contend is applicable in this case?

Please also forward to me any other information which would bear upon an understanding or computation of the following sentencing and guideline factors: base offense levels, specific offense characteristics, relevant conduct, adjustments, criminal history, offender characteristics, plea agreements, departures, probation and supervised release.

These requests are of a continuing nature which presume that you will keep me immediately advised of any further information that comes to your attention which might in any way alter or modify your response to the inquiries set forth above.

If I may be of service with regard to this matter, please feel free to contact me.

Sincerely,

*/s/Justin J. Roberts*
JUSTIN J. ROBERTS
Assistant Federal Public Defender

JJR:sc